IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.                                                        5:22-cr-79-JA-PRL

**DAVID LEE BISHOP,**
    **Defendant.**
_____/

### ORDER

On November 15, 2023, the Court addressed Defendant's motion to compel. (Doc. 67). Part of that Order directed the government to produce Samuel Sampayo's (the alleged victim's) central file for *in camera* review, to determine whether it should be disclosed in whole or part.[1] After reviewing the central file, it appears, at a minimum, that it may contain evidence material to the preparation of Defendant's defense (even if the government has an argument to exclude some or all of it at trial), particularly to the extent that Bishop claims possible defenses of "self-defense, sudden quarrel and heat of passion." (Doc. 55 at 6). For example, several pages may be relevant to possible self-defense claims. (Doc. 76-1 at 1–23; 76-2 at 1–53; Doc. 76-4 at 11, 13–18, 40, 45; Doc. 76-5 at 38; Doc. 76-6 at 1, 4–9, 28–34, 70–72, 78–79; Doc. 76-7 at 2–3, 8–12; Doc. 76-8 at 1, 3, 7, 23, 27); *see, e.g.*, *Martinez v. Wainwright*, 621 F.2d 184, 188–89 (5th Cir. 1980) ("If defendant was aware of the deceased's criminal record, specific acts of misconduct by the deceased would have been admissible") (citing *Rolle v. State*, 314 So.2d 167 (Fla. 3rd Dist.Ct.App.1975));[2] *see also United States v. Fontentot*, No.

---

[1] The Court's review of and reference to Sampayo's central file includes his psychology file, which contains his Risk of Sexual Abusiveness reports. (Doc. 67 at 8–9).
[2] All decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981, are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3:07-cr-89-J-32TEM, 2007 WL 9706008, at *1 (M.D. Fla. Nov. 1, 2007) ("if the United States has any additional evidence in its possession relating to the victim's reputation for violence, it is potentially relevant and should be provided under *Brady* [*v. Maryland*, 373 U.S. 667, 682 (1985)]").[3]

Because a large portion of Sampayo's central file is relevant to different defenses Bishop may claim, the Court will order the disclosure of the entire central file rather than specific portions or pages thereof. Given that the government has previously raised concerns that Sampayo's central file contains highly personal and sensitive information, the Court will order the production of Sampayo's central file subject to the conditions that (1) persons outside of the defense team may not view it and (2) the defendant is prohibited from having physical or electronic copies of it.  Fed. R. Crim. P. 16(d); *see United States v. Cramer*, No. 1:16-CR-26, 2018 WL 7821079, at *8 (E.D. Tex. Mar. 8, 2018).

Finally, as noted in the Court's Order on Defendant's motion to compel (Doc. 67), on December 5, 2023, a government witness testified that in this case it appears that no after-action report was ever created and, as to the issue of "mass interviews," the reports of those individuals who were interviewed have been fully disclosed. Further, the witness testified as to how he investigated and determined that there was no after-action report created and there were no reports related to other interviews conducted. The Court cannot compel the government to produce documents it does not have or otherwise did not create. Accordingly,

---

[3] *See also Douglas v. State*, 652 So. 2d 887, 890 (Fla. 4th Dist. Ct. App. 1995) ("Where the defendant is being prosecuted for a killing which occurred in the heat of passion, however, evidence of the past relationship between the victim and the defendant, which would be relevant to show why the defendant went into a rage, is admissible even if it reflects badly on the character of the victim.") (citing *Auchmuty v. State*, 594 So.2d 859, 862 (Fla. 4th DCA 1992)); *see also Hayes v. State*, 581 So.2d 121, 126 (Fla. 1991) (rejecting argument that trial court erred by "barr[ing] evidence of the victim's recent consumption of marijuana and cocaine. Although such evidence may be relevant in some circumstances, it was not relevant to any material issue on the facts of this case.").

the Court reaffirms its denial without prejudice of Defendant's requests for an after-action report and additional interview reports related to the use of the term "mass interviews." (Doc. 67 at 5–6).

**IT IS SO ORDERED** in Ocala, Florida, on December 8, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

3