UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.

CASE NO. 5:22-cr-79-JA-PRL

DAVID LEE BISHOP

## ORDER

This case is before the Court on the Government's motion in limine to exclude expert testimony (Doc. 134), the Defendant's response (Doc. 140), and the Government's reply (Doc. 150). Having reviewed the parties' submissions, the Court finds that the motion will be granted.

The Defendant is charged with second-degree murder, in violation of 18 U.S.C. § 1111(a). (*See* Doc. 1 at 1; Doc. 134 at 1). He seeks to introduce the opinions of three experts: psychologist Heather Holmes to opine on his alleged mental health disorders, toxicologist Susan Skolly-Danziger to opine on his alleged drug use, and former warden Maureen Baird to opine on the general "culture and life" in a federal prison, (*see* Doc. 140 at 14–15, 18). (*See* Docs. 55-1, 55-2, & 55-3). He does not assert an insanity defense. (*See* Doc. 140). The Government contends that Holmes's and Skolly-Danziger's opinions should be excluded under 18 U.S.C. § 17(a) and Federal Rule of Evidence 403, (*see* Doc. 134 at 12–16), and that Baird's opinions should be excluded under Federal Rules

of Evidence 403 and 702(a), (*see id.* at 16–17). The Court agrees.

Under 18 U.S.C. § 17(a), a defendant cannot offer psychological evidence to support any affirmative defense besides insanity. *See United States v. Cameron*, 907 F.2d 1051, 1065 & n.26 (11th Cir. 1990). Although negating a mens rea element of an offense differs from asserting an affirmative defense, *id.* at 1063, second-degree murder is a general-intent crime, *see United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000), and as a rule, non-insanity psychological evidence "is inadmissible to negate mens rea in general-intent prosecutions," *United States v. Bates*, 960 F.3d 1278, 1288 (11th Cir. 2020) (emphasis omitted); *accord Cameron*, 907 F.2d at 1063 n.20 ("Psychological evidence is relevant to mens rea only when the defendant is charged with a specific[-]intent crime." (emphasis omitted)). Here, Holmes's and Skolly-Danziger's opinions "do[] not support a legally acceptable theory of a lack of mens rea," *United States v. Pohlot*, 827 F.2d 889, 906 (3d Cir. 1987), so they will be excluded under 18 U.S.C. § 17(a). Moreover, because the opinions have little, if any, probative value and "present[] an inherent danger" of "distract[ing] the jury[] from focusing on the actual presence or absence of mens rea," *Cameron*, 907 F.2d at 1067 (emphasis omitted), they will be excluded under Federal Rule of Evidence 403.

As presented to the Court, Baird's opinions about prison life lack relevance and cannot help the jury "understand the evidence" or "determine a

2

fact in issue." Fed. R. Evid. 702(a). Even if the opinions have some minimal probative value, the Court agrees with the Government that the probative value is substantially outweighed by the dangers of confusing the issues and misleading the jury. (*See* Doc. 134 at 17). Thus, Baird's opinions will be excluded. *See* Fed. R. Evid. 403.

Accordingly, it is **ORDERED** that the Government's motion in limine to exclude expert testimony (Doc. 134) is **GRANTED**.

**DONE** and **ORDERED** on March 26, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
David Lee Bishop